IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS AND GASFITTERS LOCAL 5 RETIREMENT SAVINGS FUND , et al. | * | |
| Plaintiffs | * | |
| v. | * | CIVIL No. JKB-13-600 |
| MILESTONE CONSTRUCTION SERVICES, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The trustees of the Plumbers and Gasfitters Local 5 Retirement Savings Fund, the trustees of the Plumbers and Pipefitters Apprenticeship Fund, the trustees of the Plumbers and Pipefitters Vacation Fund, the trustees of the Plumbers and Pipefitters Medical Fund, the trustees of the Plumbers and Pipefitters National Pension Fund, the trustees of the International Training Fund, the trustees of the Communication and Productivity Fund, the trustees of the Industry Promotion Fund, and Plumbers Local Union No. 5 (the "Union") (collectively "Plaintiffs")[1] brought this suit against Milestone Construction Services, Inc. ("Milestone") and Fidelity and Deposit Company of Maryland ("F&D") (collectively "Defendants") to recover amounts owed for labor performed at a construction site from a Miller Act payment bond, pursuant to 40 U.S.C. § 3133. Now pending before the Court are (1) Plaintiffs' motion for summary judgment (ECF No. 16),

---

[1] The Funds, with the exception of the Communications and Productivity Fund and the Industry Promotion Fund, are all multiemployer employee benefit plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"). 19 U.S.C. §§1002(3), (37); (ECF No. 1.) The respective trustees of these funds are the designated fiduciaries as defined by ERISA. 29 U.S.C. §1002(21); (*Id*.) The Communications and Productivity Fund is a labor-management cooperation committee as defined in the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a; (*Id*.) The Industry Promotion Fund is a trust fund. (ECF No. 1.) The Union is an unincorporated labor organization as defined by the Labor-Management Relations Act ("LMRA"). 29 U.S.C. § 152(5); (*Id*.)

1

(2) F&D's cross-motion for summary judgment (ECF No. 19), and (3) Milestone's cross-motion for summary judgment (ECF No. 20). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below Plaintiffs' motion for summary judgment (ECF No. 16) is DENIED, F&D's cross-motion for summary judgment (ECF No. 19) is GRANTED, and Milestone's cross-motion for summary judgment (ECF No. 20) is GRANTED.

I. BACKGROUND

This action stems from three contracts that Milestone entered into with the United States Government to perform construction work on three buildings of the National Institute of Standards and Technology ("NIST")—NIST Buildings 202, 301, and 318. (ECF No. 16-1 at 4.) As required by the Miller Act, Milestone obtained a payment bond for each of these three projects from F&D. 40 U.S.C. § 3131; (ECF No. 19-1 at 4.) On each of these three projects, Milestone subcontracted with T.K. Mechanical, Inc. ("T.K.") to perform plumbing and related construction work. (*Id.* at 5.) In turn, T.K. turned to the Union to obtain skilled labor pursuant to a Collective Bargaining Agreement ("CBA"). (*Id.*)

Under the terms of the CBA, T.K. was required to make payments, referred to as "contributions," to Plaintiffs for each hour worked by a plumber. (*Id.* at 5-6.) For example, T.K. was required to pay the Medical Fund $6.95 for each hour worked by a member of the Union. (*Id.*) In order to calculate the total amount owed by T.K., Plaintiffs relied on Contribution Reports, in which T.K. self-reported the number of hours worked by each individual plumber. (*Id.* at 6-7.) These reports were not itemized by job or project, however. (*Id.*) From August 2011 through March 2012, T.K. provided these reports. (*Id.* at 8.) However, T.K. failed to remit the required contributions from August 2011 through October 2011 and from December 2011 through March 2012. (*Id.* at 8-9.)

T.K. also submitted weekly Certified Payroll Reports to Milestone as required. (*Id.* at 7-8.) Milestone then forwarded these reports to the government. (ECF No. 19-1 at 5.) For each project, these reports listed each employee, their applicable wage rate, and the number of hours they worked on the given project. (*Id.*) However, these reports did not list an employee's union affiliation. (*Id.*) Further, the last Certified Payroll Report provided to Milestone by T.K. was for the week ending on March 17, 2012. (*Id.*)[2]

Milestone also received "daily work reports" from T.K. (ECF No. 17 at 462, 585-587.) However, like the Certified Payroll Reports, the "daily work reports" did not list an employee's union affiliation. (ECF No. 17 at 585-587; ECF No. 20-1 at 7.)

On March 23, 2012, T.K abandoned the three NIST projects at issue in this case and instructed its workforce, including Local 602 members, that it would no longer be operating. (ECF No. 16-1 at 8.) On April 3, 2012, T.K. filed for bankruptcy. (*Id.*)

On June 14, 2012, Plaintiffs sent letters via certified mail to Milestone and F&D as notice of a claim on the payment bond for each project. (ECF No. 17 at 105, 115, 124.) Defendants received these letters on June 19, 2012. (ECF No. 19-1 at 8.) These letters provided, in relevant part (and with reference to the appropriate project):

> T.K. Mechanical, Inc. is a signatory to a collective bargaining agreement ("CBA") with the Union under which it is obligated to make contributions to the above Funds and to the Union for dues checkoff, and other assessments. A copy of the applicable CBA with the most current wage and fringe benefit wage sheet is attached hereto as Exhibit A. . . . T.K. Mechanical, Inc. has failed to make the required contributions to the above Union and Funds for dues checkoff, and other assessments.
> T.K. Mechanical, Inc. is required to pay to the Union, the Local 5 Funds, and the National Funds the applicable rates specified in Exhibit A for each hour worked by its employees on the NIST Building 318, Gaithersburg, Maryland project. T.K. Mechanical, Inc. also owes contractual assessments and interest for

---

[2] The parties disagree about whether Plaintiffs' claims are for work performed through March 16, 2012 (ECF No. 19-1 at 9) or through March 23, 2012 (ECF No. 22 at 8-9). However, the Court does not need to—and therefore will not—reach this issue to resolve the case before it.

3

not filing the required reports and making payments in full on time as required under the CBA. T.K. Mechanical, Inc. has not made those required payments.

This letter serves as written notice of a claim on the bond furnished for the NIST Building 301 [sic] project under the Miller Act, 40 U.S.C. § 270b and 40 U.S.C. § 3131, or any other applicable law and notice of a claim on any and all other applicable bonds furnished on this job for the benefit of Local 5 workers performing on this project.

Please advise what, if any, additional information is needed for you to make full payment of all amounts due on the bond once we have ascertained the total number of hours worked by T.K. Mechanical, Inc. employees on the NIST Building 318, Gaithersburg, Maryland project.

(ECF No. 17 at 06-107.)

On July 2 (ECF No. 17 at 133-135) and July 3 (*Id.* at 139-141 and 149-147), F&D mailed Plaintiffs letters acknowledging receipt of the June 14 letters. (ECF No 19-1 at 10.) These letters stated, in relevant part (and with reference to the appropriate project and bond):

The Surety is initiating an investigation into your claim.

The Surety's investigation requires information and documentation sufficient to evaluate and demonstrate your claim. In order for the Surety to timely respond to your claim, please send supporting information and documentation to the Surety within 10 days of the date of this letter, including but not limited to the following.

[A fifteen item list follows] . . . .

The Surety requires such information and documentation to determine with substantial accuracy the value of your claim and the compliance of your claim with the terms of the bond, subcontract or other requirements. Your failure to timely provide the requested information and documentation will impact the Surety's ability to investigate and evaluate your claim and therefore may result in the dispute and/or denial of your claim.

. . . .

Without passing on the merits of your claim, we are taking this matter up with our bond Principal. Our actions are taken for the purposes of the investigation only and the Surety reserves all rights and defenses that the Surety and/or its Principal may have or obtain concerning this matter. . . .

(ECF No. 17 at 133-135.)

In response to this letter, Plaintiffs requested more time in emails dated July 9, 2012 and August 2, 2012. (ECF No. 17 at 160, 162, 164, 166-167, 169-170, 172-173.) At some point prior to July 9, Plaintiffs received a copy of the certified payroll records from Milestone. (*Id..*)

4

On October 17 2012, Plaintiffs sent F&D three letters identifying the amount owed for each project. (*Id*. at 175-176, 259-260, 344-345.) For example, the letter regarding NIST Building 301 read, in relevant part:

> T.K. Mechanical, Inc. . . . failed to remit contributions, dues checkoff and other assessments to the Local 5 Funds for work performed on the above-referenced project in the amount of $47,647.88 for the period of August 2011 through March 2012.
> I have enclosed a Proof of Claim and supporting documentation for the total amount owed of $47,647.28 on this bond.

(ECF No. 17 at 175.)

On January 18, 2013 Plaintiffs received a copy of a letter from Milestone's counsel to the senior claims counsel at F&D. (ECF No. 16-1 at 12.) In this letter, Milestone's counsel explained that "Milestone disputes the claims." (ECF No. 17 at 449.) In particular, the letter alleged that "[b]ased on the documentation provided to date by the claimants, the claimants have failed to comply with the notice requirements for making a claim against the payment bond." (*Id.*)

On February 25, 2013 Plaintiffs filed the action presently before the Court. (ECF No. 1.) Plaintiffs filed a motion for summary judgment on September 13, 2013. (ECF No. 16.) On October 15, 2013 Defendants F&D and Milestone filed separate cross motions for summary judgment. (ECF Nos. 19, 20.)

## II. LEGAL STANDARD

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a party carries this burden, then the court will award summary judgment unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. FED. R. CIV. P. 56(e)(2). To carry these respective burdens, each party must

5

support its assertions by citing specific evidence from the record. FED. R. CIV. P. 56(c)(1)(A). The court will assess the merits of the motion, and any responses, viewing all facts and reasonable inferences in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

### III. ANALYSIS

This case presents substantially the same issue as the related case of *Trustees of the Heating, Piping and Refrigeration Pension Fund v. Milestone Construction Services, Inc.*, JKB-13-598. The Court incorporates by reference its legal analysis in that related case. (JKB 13-598, ECF No. 25.) For the reasons stated there, the Court finds that Plaintiffs' initial notice failed to "state with substantial accuracy the amount claimed." 40 U.S.C. § 3133(b)(2). Therefore, the Court must deny Plaintiffs' motion for summary judgment, grant Defendants' cross-motions for summary judgment, and enter judgment for Defendants.

### IV. CONCLUSION

Accordingly, an order shall issue (1) DENYING Plaintiffs' motion for summary judgment, (2) GRANTING Defendants' cross-motion for summary judgment, and (3) entering judgment for Defendants.

Dated this 13th day of January, 2014

BY THE COURT:

/s/
James K. Bredar
United States District Judge